UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER O.

                Plaintiff,

v.                                                  1:20-CV-1474
                                                        (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      KENNETH HILLER, ESQ.
  Counsel for Plaintiff                                JEANNE MURRAY, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                   MARIA SANTANGELO, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 16.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.**        **RELEVANT BACKGROUND**

### A.     Factual Background

Plaintiff was born in 1984. (T. 89.) She completed the 12th grade. (T. 263.) Generally, Plaintiff's alleged disability consists of back injury, Sheehan syndrome, and pituitary apoplexy. (T. 262.) Her alleged disability onset date is December 19, 2016. (T. 259.) Her date last insured is December 31, 2018. (T. 90.) Her past relevant work consists of receptionist and mail sorter. (T. 263.)

### B.     Procedural History

On September 22, 2017, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (T. 89.) Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On November 4, 2019, Plaintiff appeared before the ALJ, JuanCarlos Hunt. (T. 34-73.) On November 26, 2019, ALJ Hunt issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 12-33.) On August 14, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 18-26.) First, the ALJ found Plaintiff met the insured status requirements through December 31, 2018, and Plaintiff had not engaged in substantial gainful activity since December 19, 2016. (T. 18.) Second, the ALJ found Plaintiff had the severe impairments of spine disorder, anxiety/obsessive-compulsive disorder,

depression, and post-traumatic stress disorder ("PTSD").  (*Id.*)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (*Id.*)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform:

> sedentary work as defined in [20 C.F.R. §§ 404.1567(a) and 416.967(a)] except: she occasionally can balance, crouch, kneel, crawl, stoop, and climb ramps, stairs, ladders, and scaffolds; she frequently can push, pull, reach, handle, and finger bilaterally; she frequently can push, pull, and operate foot controls bilaterally; she needs to avoid concentrated exposure to crowds; she can understand, remember, and carry out simple instructions; she frequently can interact with supervisors and occasionally with coworkers and the public; she can make simple work related decisions; she can tolerate few changes in a routine work setting; and, she will be off task 10% of the day due to, for example, attention/concentration lapses and/or the need to alternate positions and/or use the bathroom.

(T. 20.)[1]  Fifth, the ALJ determined Plaintiff was unable to perform her past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 24-25.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings.  Plaintiff argues the ALJ rejected the opinion evidence of record and assessed a highly specific RFC based on his own lay opinion, rather than substantial evidence.  (Dkt. No. 11 at 21-34.)  Plaintiff also filed a reply in which she deemed no reply necessary.  (Dkt. No. 15.)

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. §§ 404.1567(a), 416.967(a).

3

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues the ALJ appropriately considered all relevant medical and nonmedical evidence showing largely normal or essentially benign clinical findings, conservative treatment, and independent daily living activities substantially supporting an RFC for a range of unskilled sedentary work. (Dkt. No. 14 at 7-13.) Second, and lastly, Defendant argues the ALJ appropriately considered the persuasiveness of medical opinions and prior administrative medical findings under the new regulatory framework, including those of consultative examining internist Dr. Liu and consultative review physician Dr. Stouter, to reach by Plaintiff's own admission a highly specific RFC for a range of unskilled sedentary work. (*Id*. at 14-30.)

## III.  RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R.

§§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

In general, Plaintiff argues the ALJ's "highly specific" RFC determination was not supported by substantial evidence because the ALJ improperly "rejected" all of the medical opinion evidence, relied on "stale" opinion evidence, created an evidentiary gap, and relied on his own lay interpretation of raw medical data. (Dkt. No. 11 at 21-34.) For the reasons outlined below, the ALJ did not commit legal error in formulating the RFC and his RFC determination was supported by substantial evidence.

First, an RFC finding "is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear." *Curry v. Comm'r Soc. Sec.*, 855 F. App'x 46, n.3 (2d 2021). Indeed, it is the very duty of the ALJ to formulate an RFC based on all relevant evidence, not just medical opinions, in Plaintiff's record. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id*. §§ 404.1546(c), 416.946(c) ("the administrative law judge or the

administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity"). Additionally, the regulations direct an ALJ to "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." *Id*. §§ 404.1520c, 416.920c.

The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").

Second, an RFC determination, even one containing highly specific limitations, is not fatally flawed merely because it was formulated absent a medical opinion. *Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109-110 (2d Cir. 2020) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.' . . . Here, the treatment notes were in line with the ALJ's RFC determinations."); *Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly discussing plaintiff's physical limitations and relying on plaintiff's treatment notes to formulate the RFC); *Trepanier v.*

*Comm'r of Soc. Sec.*, 752 F. App'x 75, 79 (2d Cir. 2018) (the ALJ's RFC determination related to plaintiff's lifting requirement, while not directly supported by a medical opinion, was supported by an assessment from which the ALJ could infer that Plaintiff could perform the lifting requirement); *Monroe*, 676 F. App'x at 8 (2d Cir. 2017) ("Where . . . the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity," a medical source statement or formal medical opinion is not necessarily required[.]") (citing *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x. 29, 34 (2d Cir. 2013); *Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016) (the ALJ properly relied on plaintiff's own testimony and a letter from a doctor stating that plaintiff had severe functional limitations, but that he made improvement following surgery to determine that plaintiff could perform light work). Therefore, Plaintiff's argument, that "it is clear that the RFC was not based on any opinion evidence, the ALJ must have relied on his own lay interpretation of raw medical data in assessing this RFC" is without merit.

Next, Plaintiff argues the ALJ offered "an alarmingly minimal summary of the evidence" and failed to provide sufficient analysis to support his RFC determination Plaintiff would be off task 10% of the day. (Dkt. No. 11 at 29.) For the reasons outlined below, the ALJ provided sufficient analysis to permit meaningful review. *See Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) ("Where an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous, [. . .] remand is not necessary merely because an explicit function-by-function analysis was not performed.").

To be sure, remand is necessary where there is no evidentiary basis for an ALJ's specific finding, such as plaintiff's need to be "off-task" six minutes out of every hour. *Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014). In *Cosnyka*, the ALJ relied upon the opinion of an orthopedic examiner that plaintiff would require "regular comfort breaks," which the ALJ translated into a limitation that plaintiff would need a break for six minutes out of every hour. 576 F. App'x at 46. The Second Circuit determined remand was appropriate because nothing in the record, including the medical records and the plaintiff's testimony, supported the ALJ's conclusion, and indeed some evidence was "to the contrary." *Id*. In *Mariani v. Astrue*, the ALJ rejected a treating physician's conclusion that plaintiff could not use his hand at all, however the Second Circuit found substantial evidence did not support the ALJ's alternative conclusion that a plaintiff could use his hand fifty percent of the time despite medical evidence "at both ends of the spectrum." 567 F. App'x 8, 10 (2d Cir. 2014).

However, the "fact that [an] ALJ assigned a particular percentage range (0–10%) to illustrate [a plaintiff's] limitation does not undermine the fact that the ALJ's finding was supported by substantial evidence." *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016). In other words, the ALJ's determination must be supported by substantial evidence in the record. The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Here, the ALJ determined Plaintiff would be "off-task" 10% of the workday due to "attention/concentration lapses and/or the need to alternate positions and/or use of the bathroom." (T. 20.) To be sure, the ALJ did not provide an explicit discussion or cite

specific record evidence to support his off-task limitation; however, "[t]he absence of an express rationale does not prevent [the Court] from upholding the ALJ's determination [. . .], since portions of the ALJ's decision and the evidence before him indicate that his conclusion was supported by substantial evidence." *Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982).

Although no medical source opined Plaintiff would be "off-task" a percentage of the workday due to her impairments, medical sources did provide opinions concerning Plaintiff's ability to sustain attention and concentration. For example, consultative examiner Susan Santarpia, Ph.D., observed Plaintiff had intact attention and concentration. (T. 567.) She opined, in relevant part, Plaintiff could understand, remember, and apply simple as well as complex directions and instruction, and sustain concentration and perform a task at a consistent pace, and sustain an ordinary routine. (T. 567.) The ALJ ultimately found her opinion unpersuasive because the limitations provided were not consistent with evidence in the record, including Plaintiff's complaints, which supported greater limitations. (T. 22-23.)

The record also contained a medical source statement from Ellen Silver, LCSWR, who treated Plaintiff in 2019. (T. 1164.) Ms. Silver opined Plaintiff was unable to meet competitive standards in most areas of unskilled work. (T. 1166.) The ALJ found her opinion unpersuasive because the limitations were "excessive," not supported by treatment notations, and not consistent with objective findings of other providers. (T. 22.) Indeed, as cited by the ALJ, Ms. Silver observed Plaintiff's attention and concentration were "good" and her memory was "intact." (T. 1158, 1159, 1160, 1161.) As noted by the ALJ, other providers observed Plaintiff's attention, concentration, and

memory were intact. (T. 610-632, 1158-1161, 1221-1222, 1237, 1290, 1424-1427.) The ALJ considered the above medical opinions and objective observations in concluding Plaintiff would be off task a percentage of the workday due to limitations in her ability to maintain attention and concentration.

Regarding changing positions and the use of the bathroom, the ALJ considered Plaintiff's testimony as well as other evidence in the record. At her hearing, Plaintiff testified she used the restroom "all the time" and needed to change positions multiple times an hour. (T. 46.) Plaintiff reported to her endocrinologist she used the restroom every hour to hour and a half (T. 355), six to seven times a day (T. 645), three for four times a day (T. 651), and four to six times a day (T. 816, 1045). The ALJ considered Plaintiff's testimony, to the extent he found such testimony supported, in his overall RFC determination.

In addition to Plaintiff's testimony, the ALJ considered medical and objective evidence. In December 2016, and again in August of 2019, Amy Pohlman, PRA-C, indicated Plaintiff required the ability to shift positions "at will," and would "sometimes need" an unscheduled break every hour for ten minutes during the workday. (T. 1386, 1393.) The ALJ concluded Ms. Pohlman's limitations "excessive," not supported by her treatment notations, and inconsistent with "the overall medical record" including conservative treatment and normal physical and mental status examinations. (T. 21.) The ALJ also considered the opinion of consultative examiner, Hongbiao Liu, M.D. (*Id.*) Dr. Liu opined Plaintiff had "mild to moderate limitation for prolonged walking, bending, and kneeling." (T. 573.) The ALJ found Dr. Liu's opinion "somewhat persuasive;"

however, the ALJ concluded Plaintiff had greater limitations based on her subjective complaints and other evidence in the record.  (T. 21.)

Based on the evidence outlined above, substantial evidence supports the ALJ's "off-task" finding.  *See Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 448 (2d Cir. 2012) (stating court will not reverse unless record compels contrary factual finding); *see Christopher H. v. Comm'r of Soc. Sec.*, No. 20-CV-0878MWP, 2022 WL 282813, at *6 (W.D.N.Y. Jan. 31, 2022) (collecting cases) (ALJ's conclusion plaintiff would be off-task 5% of the workday supported by substantial evidence in the record including medical opinions and testimony, and not upon his own lay interpretation of the medical evidence); *see also James G. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1885, 2022 WL 2180158, at *10 (W.D.N.Y. June 16, 2022) (Plaintiff cites no evidence that would have compelled the ALJ to conclude that Plaintiff had a greater degree of off-task restriction); *see Christopher H. v. Comm'r Soc. Sec.*, No. 20-CV-0878, 2022 WL 282813, at *6 (W.D.N.Y. Jan. 31, 2022) (noting that Plaintiff did not cite any "contradictory evidence" in challenging the propriety of ALJ's off-task limitation).

Overall, although no medical source specifically opined Plaintiff would be off-task 10% of the workday due to various reasons, substantial evidence nonetheless supported the ALJ's determination.  The ALJ outlined the evidence in the record and provided sufficient analysis to allow meaningful review.  In providing Plaintiff with an off-task allowance, the ALJ considered her testimony, medial opinion evidence, and objective evidence.  A reviewing Court must show deference to the decision made by the ALJ where supported by substantial evidence, even where Plaintiff may have alleged a plausible interpretation that is divergent from that of the ALJ.  *See Jones v.*

*Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).

Lastly, Plaintiff argues the opinions of consultative medical sources, Dr. Liu and Dr. Stouter, were rendered stale by Plaintiff's "subsequent deterioration and bilateral hand surgeries." (Dkt. No. 11 at 31-33.) Plaintiff makes the related argument that because the ALJ found the opinions "somewhat persuasive" he created an evidentiary gap in the record that he failed to fill. (*Id*. at 33.)

To be sure, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016). Although "a medical opinion is not necessarily stale simply based on its age," *Biro v. Comm'r of Soc. Sec.,* 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018), a medical opinion may be stale if it does not account for the plaintiff's deteriorating condition, *Carney v. Berryhill*, No. 16-CV-269, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017). In considering whether a medical opinion is stale, courts have frequently pointed to surgeries occurring subsequent to the medical opinion as evidence of a plaintiff's deteriorating condition. *Brian K. v. Comm'r of Soc. Sec.*, 524 F. Supp. 3d 149, 155 (W.D.N.Y. 2021) (citing *Nagy v. Saul*, No. 19-CV-300-MJR, 2020 WL 3118569, at *5 (W.D.N.Y. June 12, 2020)). Moreover, remand is warranted where more recent evidence in the record "directly contradict[s] the older reports of [plaintiff's] functioning

on which the ALJ relied" and the ALJ failed to fully analyze the more recent evidence. *Blash v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 642, 644 (2d Cir. 2020).

As an initial matter, although Plaintiff asserts her subsequent surgery rendered the opinions stale, Plaintiff fails to provide any evidence establishing greater functional limitations after surgery. (Dkt. No. 11 at 32.) Plaintiff bears the burden at step four and must show that her physical condition deteriorated after the medical opinions were provided. *Vincent B. v. Comm'r of Soc. Sec.*, 561 F. Supp. 3d 362, 367 (W.D.N.Y. 2021).

In addition, the ALJ considered Plaintiff's headaches and carpal tunnel syndrome at step two and concluded the impairments did not meet the durational requirement or caused only minimal limitation in Plaintiff's functioning and therefore were non-severe. (T. 18)[2]; s*ee* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). Lastly, the ALJ ultimately concluded that the record evidence as a whole supported greater restrictions than Drs. Liu and Stouter assessed, finding the two sources' assessed limitations only somewhat persuasive. *See* 20 C.F.R. §§ 404.1520c(c)(1), (2), 416.920c(c)(1), (2). Because the ALJ discussed the relevant medical and other evidence in the record and ultimately determined Plaintiff had greater limitations than provided by the consultative sources, and Plaintiff fails to provide evidence establishing greater functional limitations, the opinions were not impermissibly stale.

Plaintiff's assertion that the ALJ failed to fully develop the record is also without merit. The ALJ is "not required to develop the record any further when the evidence already presented is adequate for [the ALJ] to make a determination as to disability."

---

[2]   Neither party disputes the ALJ's step two determination. (*See generally* Dkt. Nos. 11, 14.)

*Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (citing *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)) (internal citations omitted).  The record before the ALJ contained multiple medical source opinion evidence, treatment notations, and Plaintiff's testimony, all of which the ALJ considered in making his RFC determination.

The ALJ has the duty to evaluate conflicts in the evidence.  *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 7 (2d Cir. 2017) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.") (quoting *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)).  Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence).  As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision.  *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)).  As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  *Biestek,* 139 S. Ct. at 1154.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: July 12, 2022

William B. Mitchell Carter
U.S. Magistrate Judge